opmcn.
St.Paul, Judge.
Plaintiff owned an automobile which he wished to sell. One Buisson obtained possession of it, sold it, oolleoted the prioe, pocketed it, and disappeared.
The petition alleges that Buisson was entrusted with the 'machine for the sole purpose of taking it from plaintiff’s office to his home, and that Buisson profited by his possession to sell the machine without plaintiffs knowledge or consent.
Plaintiff testified that at the time the automobile was sold Buisson was not in his employ, haring previously .been discharged; and again, that Buisson obtained the car through one Klrkham, who was plaintiff’s agent.
Klrkham testified that he (Kirkham) was plaintiff’s agent to nS sell the oar; that he delivered the oar to Buisson to be showejb to a prospective purchaser, whom he (Kirkham) did not know, but who was to be brought to him (Kirkham).
Plaintiff’s brother testified that on the day of the sale, he (the brother) turned the oar over to Buisson under inatrtotlons received from plaintiff himself, and for the.purpose of taking the oar to plaintiff, then out of the City; and again, to take it to Klrkham who was to sell it.
On the other hand, Bistes, who admittedly is friendly to plaintiff, testified that in his (Bistes) barroom, plaintiff offered the automobiie for sale, and upon a suggestion that defendant might buy it, told Buisson to see defendant with a view to selling it to him. She next day Buisson had the machine in front of the barroom, when defendant came in and was informed by BiBtes of what had ooourred. Defendant went out and entered into negotiations with Buisson but oould not then agree on a prioe. (It was some days later that the sale was made as stated before).
*186 Hallan, a olty detective, testified that plaintiff case to police headquarters the morning after the sale and complained that his machine had been stolen; that he had entrusted it to Bulsson for sale, but the.latter had failed to account for the prloe.
Shis witness is corroborated by Oassard, another olty detective,
From the foregoing it is dear that the allegata and the probata do not aooord in the slightest degree. But we take the case as we find it, the testimony having been admitted without objection, on that soore,
this And from testimony it is certain that Buisson had not stolen the machine, but was lawfully in possession of it for the express purpose of showing it and seeking a purchaser..
It may be however that Buisson was not authorized to dose the sale or receive the prloe. But that is a matter-entirely between Buisson and plaintiff.
yor the latter, so’far as outsiders oould Judge, was olothed with apparent authority for that purpose.
He was undeniably given authority to offer the machine for sale» and having been put in possession thereof he was olothed with the power in fact, even if he had not the right in law, to deliver it toa- purchaser.
thus three persons who heard plaintiff express himself as to the- extent of Buisson's authority (Bistes, i Mellen and Cassard) all concurred in understanding that Buisson had full authority to sell. Hor did the damaging force of these circumstances escape plaintiff himself, who in his petition, as we have said, charges Buisson with being in possession for a totally different purpose and denies in tata any authority in Buisson to seek for a purchaser; and who at the very outset of his testimony sayd that Bulsson was no longer in his employ.
She rule of law prevailing in suoh oases has been well stated, though misapplied fas we think) by the district Judge, to wit; Where one of two innocent persons must suffer a loss, the loss must fall *187 upon that ona of them whose oourse of oonduot contributed most to bring about the loss.
New Orleans June 17th, 1918
And the true application of that rule in a oase like this that where one person, having movable property for sale, puts that property in the control of another with authority to seek a purchaser, he# cannot repudiate a sale made by the latter, even though as between themselves the agmnt was not authorized to close the sale, because he had thus put it in the power of the agent to exceed his authority to the prejudice of lnnooent third parties»
Thus is Davidson Hill vs Bodley, 27 An 149, it was held that where on agent was given possession of movable property to sell, but, instead of selling, pledged it, the prinoipal oould not repudiate the pledge because his own act had 'made it possible for his agent to effeot the same.
Por in all questions of agehoy not established by writing, there is a wide dofffrenoe between one who aots wholly without Mh?###### authority, and one who having some authority yet exceeds the extent thereof. In the former oase there is no foundation whatever on which to base an esttppel against the supposed prinoipal; in the latter, the authority orally given must, in the very nature of things appear generalAtherefore broad, whilst the limitations thereof can usually be known only to the parties thereto#.
We are therefore of opinion that plaintiff, by putting hi's automobile in the possession of Buisson with authority to seek a purchaser, fut it in the power of the latter to make the sale, and oannot now repudiat it.
The question whether defendant purchased for his own aeeount or for aooount of the intervenor has no bearing on the issue. It does not concern plaintiff in the least, and defendant admits that he purchased for the account of the intervenor.
She judgment appealed from is therefore reversed, and it is now ordered that plaintiff's demand be rejeoted, and that the intervénors Beall & Weidig be recognized as owners of the automobile herein seized; plaintiff to pay the costs of both courts.